UNITED STATES of America,
Plaintiff–Appellee,

v.

Tazzy Lee MORA, Defendant–
Appellant.

No. 07–2069.

United States Court of Appeals,
Tenth Circuit.

Jan. 30, 2008.

David N. Williams, Asst. U.S. Attorney, Roberto D. Ortega, Office of the United States, Attorney District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

Alonzo J. Padilla, Stephen P. McCue, Fed. Public Defender, Office of the Federal Public Defender, Albuquerque, NM, for Defendant–Appellant.

Before HARTZ, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and HOLMES, Circuit Judge.

**ORDER AND JUDGMENT***

ROBERT H. McWILLIAMS, Senior Circuit Judge.

On April 27, 2005, Tazzy Lee Mora (the defendant) was charged in the United States District Court for the District of New Mexico with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On September 25, 2006, the defendant, represented by counsel, pled guilty to that charge. There was no plea agreement. A Pre–Sentence Report (PSR) was ordered.

18 U.S.C. § 924(a)(2) provides that a person who knowingly violates 18 U.S.C. § 922(g) shall be, *inter alia,* imprisoned for not more than ten years. 18 U.S.C. § 924(e)(1) provides that if a person has three previous convictions by any court for a "violent felony," he shall be imprisoned for not less than fifteen years. The PSR indicated that the defendant, prior to his conviction in the instant case, had been convicted of four separate offenses, each of which was a "violent felony" as defined in § 924(e)(2)(B). The defendant, through his counsel, objected to the PSR, contending that three of the defendant's four previous convictions were not convictions for a "violent felony." [1] At sentencing, the district court overruled those objections and on February 27, 2007, sentenced the defendant to imprisonment for fifteen years, the mandatory minimum sentence under 18 U.S.C. § 924(e)(1). Defendant filed a timely notice of appeal.[2]

The PSR indicated that prior to his conviction in the instant case the defendant had been convicted, *inter alia,* of the following: (1) robbery, (2) escape from jail, (3) a second escape from jail and (4) conspiracy to commit aggravated battery, the first three convictions occurring in the Second Judicial District of New Mexico, and the latter conviction occurring in the Seventh Judicial District of New Mexico.

On appeal, as we understand it, counsel agrees that defendant's prior conviction

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.

1. The term "violent felony" means any crime punishable by imprisonment exceeding one year that, among other things is "burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another...." 18 U.S.C. § 924(e)(2)(B)(ii).

2. Counsel points out that if defendant's "escape convictions" and conspiracy offense were not "violent felonies" his guideline range would have been imprisonment for 51 to 63 months.

for robbery constituted a "violent felony." However, he claims that neither his two convictions for escape from jail nor his conviction for conspiracy constitute a "violent felony." Counsel concedes that if we conclude that defendant's two prior convictions for escape from jail were for a "violent felony," such would trigger the requirements of § 924(e)(1), make mandatory the imposition of at least a fifteen-year sentence, and that if we should so hold, we need not consider whether the conspiracy conviction was a "violent felony."

As concerns defendant's two escape from jail convictions, it is agreed that in each instance the defendant had been temporarily released from jail for outside work and had failed to return to jail when the "work" was completed. Counsel for the defendant further concedes that this Court has repeatedly held that the failure to return to prison after a "work release" program constitutes an "escape" and is a "violent felony." For example, see *United States v. Maddox,* 388 F.3d 1356, 1368–69 (10th Cir.2004) and the cases cited therein. Further, counsel recognizes that a three-judge panel of this Court cannot overrule the judgment of another panel of this Court. *United States v. Nichols,* 169 F.3d 1255, 1261 (10th Cir.1999). Counsel also states that he "is raising the issue under this point for possible en banc consideration and Supreme Court review."

Judgment affirmed.